**Runhai XIE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72857.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Shenqian Yuan, Law Offices of Tang & Yuan, San Jose, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Runhai Xie, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's decision to the extent it was expressly adopted by the BIA, but are otherwise limited to reviewing the BIA's decision. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). Reviewing for substantial evidence, *id.,* we deny the petition for review.

The record does not compel a finding that Xie is credible. *See Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.

2005). The IJ identified repeated discrepancies between Xie's testimony on direct and on cross regarding the time of Xie's first arrest and his subsequent release. For instance, Xie stated twice on direct that he was released at nine o'clock at night. On cross, Xie stated multiple times that he was released at two o'clock in the afternoon, and specified that he was released during the daytime. These discrepancies go the heart of Xie's claim because, as the IJ noted, this arrest was one of two significant encounters that Xie claimed to have had with the police on account of his involvement with Falun Gong. *See Wang v. INS,* 352 F.3d 1250, 1257 (9th Cir.2003) (finding that date discrepancies that raised questions about whether petitioner went into hiding to avoid arrest went to the heart of his claim). Because at least one of the discrepancies identified by the IJ is supported by substantial evidence, we must uphold the IJ's finding. *See id.* at 1259.

Xie's remaining arguments are without merit.

In the absence of credible evidence, Xie has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Xie's claims under the CAT are based on the same facts that the IJ found to be not credible, and Xie points to no other evidence the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.